IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOEL CARDENAS-MENESES                                    PETITIONER

VS.                                      CIVIL ACTION NO. 3:18cv58-DPJ-FKB

WARDEN MARCUS MARTIN                                RESPONDENT

### **REPORT AND RECOMMENDATION**

This is an action pursuant to 28 U.S.C. § 2241 brought by a federal prisoner. Petitioner asks that his conviction be vacated because of newly-discovered evidence establishing his innocence. The undersigned recommends that the petition be dismissed.

Joel Cardenas-Meneses was tried and convicted in 2011 in the United States District Court for the Southern District of Texas of multiple counts of harboring and transporting aliens within the United States resulting in the death of an alien. Thereafter he was sentenced to a term of 360 months imprisonment to be followed by three years of supervised release. In his § 2241 petition, Petitioner argues that he is in possession of newly-discovered evidence that establishes his innocence of the crimes of conviction.[1]

When Petitioner filed this action, he was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. He is currently housed at a facility in Oakdale, Louisiana. Respondent argues that because Petitioner is no longer in this district, this court is without jurisdiction and must either dismiss or transfer this action.

---

[1] Petitioner's ex-wife was a key witness at trial. Attached to the petition is an affidavit by her in which she states her testimony implicating Petitioner was false.

Respondent's argument is without merit. Jurisdiction attaches at the time of the filing of a § 2241 petition and is not destroyed by the petitioner's subsequent transfer to another jurisdiction. *Griffin v. Ebbert*, 751 F.3d 288 (5th Cir. 2014).

Nevertheless, the undersigned concludes for other reasons that this court is without jurisdiction to entertain the petition. Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate only where a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner's claim does not meet these requirements. Because Petitioner cannot challenge his conviction pursuant to § 2241, this court is without jurisdiction over the petition. Accordingly, the undersigned recommends that the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that

party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 24th day of October, 2018.

                                        /s/_F. Keith Ball_____
                                        United States Magistrate Judge